**W. D. OWENS, doing business as W. D. Owens Construction Company,**

v.

**AMERICAN SURETY COMPANY OF NEW YORK.**

No. 15045.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1954.

---

Jack Crenshaw, Montgomery, Ala., for appellant.

James J. Carter, Thomas B. Hill, Jr., Montgomery, Ala., T. E. Twitty, Mobile, Ala., Inge, Twitty, Armbrecht & Jackson, Mobile, Ala., and Hill, Hill, Stovall & Carter, Montgomery, Ala., of counsel, for appellee.

Before BORAH, RIVES, and TUTTLE, Circuit Judges.

BORAH, Circuit Judge.

This is a civil action brought by W. D. Owens, doing business as W. D. Owens Construction Company, against American Surety Company of New York to recover damages for an alleged breach of a written contract. From a final judgment of the District Court sustaining defendant's motion to dismiss for failure to state claim upon which relief can be granted Owens has appealed.

The contract in suit occupies seven pages of the printed record so rather than set it forth in full we shall be content to summarize its provisions. In the preamble it was set out that heretofore and on or about April 22, 1947, Oliver & Simpson entered into a contract with the City of Brewton, Alabama, to install certain sanitary sewer lines and other related construction work for the City and furnished a performance bond with the appellee American Surety as surety; that Oliver & Simpson started work on the sewer lines, but later in the month of October, 1947, they were declared to be in default and the City called upon the appellee as surety to complete the performance of the contract; that thereafter and by a proposal in writing dated October 1, 1948, appellant Owens advised American Surety that he would be interested in doing certain work on the Brewton job and listed various items of work and the unit prices at which the work would be done. Following this recitation of antecedent facts are ten numbered paragraphs. Paragraph 1 obligated Owens to furnish the material and perform the labor required and necessary for the completion of the contract of Oliver & Simpson with the City of Brewton in accordance with its terms and specifications. Under paragraph 2, Owens was to begin the actual performance of the work required and contemplated under the agreement within 15 days; was to perform the work to the satisfaction of the City of Brewton and to diligently prosecute the work to final completion as rapidly and expeditiously as possible. In the event that he did not complete the performance of the contract in the manner and within the time reasonably required, Owens agreed to indemnify the American Surety against any and all liability to the City of Brewton. Paragraph 3 provides that before payment of the consideration set forth in

the contract American Surety had the right to require from Owens proof that no laborer's or materialmen's claims were outstanding and if any such claim shall be unpaid to withhold payments due under the contract pending an adjustment of such claim. Paragraph 4 recites that it was mutually agreed that American Surety would pay Owens "for the items of work performed and the material furnished at the unit prices bid and under the conditions set forth in the attached proposal except as modified herein." Under paragraph 5 American Surety was authorized to terminate the contract in the event that Owens was in default. Paragraph 6 required Owens to furnish bond in the sum of $20,000.00 as security for the faithful performance of the contract. Paragraph 7 required Owens to carry workmen's compensation, public liability and property damage insurance. Paragraph 8 deleted three items of work from Owens' proposal. Paragraph 9 provides that any payment or payments made under Item 19 of the proposal (which provides for a minimum of $1,000.00 for any opening of the ground for the inspection of old works) would be made only when the total value of the work at unit prices quoted in the proposal was less than $1,000.00. Paragraph 10 clarifies and modifies the proposal in respect to payment under four other items of work. In this, the concluding paragraph of the contract these words expressing the intention of the parties were used: "It is further agreed that no item of work is to be performed unless authorized by a representative appointed by the Party of the First Part (American Surety)."

Following the execution of this agreement Owens performed such items of work as he had been authorized to perform. On May 3, 1949, American Surety notified Owens that it considered "that it has completed its compliance with performing the contract entered into between T. R. Oliver and R. J. Simpson, * * * and the City of Brewton," and that Owens was not to perform any other

item of work except for finishing the work previously authorized by American Surety's representative. Owens promptly replied stating that he did not consider that the contract had been completed, that he stood ready and willing to complete it, and that he would hold American Surety responsible for the delay penalties stipulated. He further advised American Surety that "all of items of work authorized by your Mr. John W. Murphy were completed May 4, 1949."

On August 1, 1953, Owens filed suit against American Surety in the Circuit Court of Montgomery County, Alabama. The complaint was in three counts: (1) was for the alleged breach of contract for which damages in the amount of $150,000.00 was claimed; (2) claimed damages, for each day of delay in the total sum of $309,800.00; and (3) was to recover the sum of $13,802.20 which had been retained by American Surety from the payments which it made to Owens under the contract. On petition of the American Surety Company the cause was removed to the United States District Court for the Middle District of Alabama.

Upon removal American Surety moved to dismiss the complaint for failure to state a claim upon which relief can be granted and for a more definite statement. When this motion came on to be heard American Surety admitted liability under count 3, Owens agreed to amend the remainder of his complaint, and the motion to dismiss was overruled. The complaint was amended by adding counts 4 and 5. Count 4 contained in substance the same averments as original count 1, but the letter of American Surety notifying Owens to cease work and Owens' reply thereto were set out in full. The proposal from Owens to American Surety and the contract finally entered into were also set out verbatim. In count 5 plaintiff adopted the allegations of count 4 and made the same demand as in count 2.

Upon the filing of the amendment to the original complaint American Surety renewed its motion to dismiss except as

to count 3 upon which liability had been admitted. Thereafter, and following a hearing the District Court granted the motion and dismissed the complaint as amended. In its order of dismissal the court assigned as reasons the following: " * * * the Court is of the opinion that under the contract sued on the plaintiff could not perform any item of work thereunder unless so authorized by a representative of the defendant; that the defendant not only did not authorize the plaintiff to perform any further work under the contract, but by letter of May 3, 1949, the defendant gave specific and emphatic notice to the plaintiff that no further work would be authorized by a representative of the defendant.

"The work to be performed by the plaintiff under the contract was to be on a unit basis, paid for on such a basis, and to be authorized by a representative of the defendant on such a basis. The plaintiff has been paid for all work performed by him under the contract. He is not entitled to recover any more."

The narrow issue here is whether the contract was an agreement to complete only so much of the previous contract as the appellee authorized the appellant to perform, as the trial judge found and held, or whether as appellant contends it was an absolute agreeement to prosecute to final completion the former contract between Oliver & Simpson and the City of Brewton.

It is the rule in Alabama [1] as elsewhere that in construing a contract "regard must be given not only to the nature of the instrument but also to the condition of the parties and the objects they had in view." When the contract here involved was executed the original contract between the City of Brewton and Oliver & Simpson, contractors, was in default and the City had called upon American Surety, the surety on the contractor's performance bond to undertake and complete the performance of said contract. It is also to be remembered that at the time American Surety undertook performance Oliver & Simpson had been paid approximately $177,743.15 out of a total contract price of $189,742.00 and it was then estimated by the parties and the City engineer that only about $20,-000.00 of work remained to be performed. This work to a large extent was to be corrective of the installation which had already been made but as Owens stated in his proposal the precise amount of work to be done was by no means certain. In his proposal and under different captioned headings Owens listed the work he would be interested in at the unit prices quoted. By including therein such items of corrective work as "To Uncover and Inspect (lines)" and "To furnish New Pipe to Replace Damaged Pipe" Owens clearly recognized that there was at least a possibility if not a probability that work of this character would be performed. As a matter of fact Owens' proposal recites that the unit prices quoted were based on his being paid a minimum of $1,000.00 for any opening of ground for the inspection of work already installed by others.

Appellant's proposal was of fixed and limited duration and subject to a satisfactory agreement being reached with appellee. At this posture of the case the surrounding facts and circumstances as we have detailed them were well known to the parties. Appellee, faced with an inevitable loss, was undertaking to do such work as had to be done to relieve itself of liability on its performance bond. From the very nature of things the parties could and did have but one objective in view and that was to afford to appellee a means to that end. So control of the amount of work to be performed by appellant was a matter of great importance. Uncovering and inspecting lines is an expensive operation and the same is true in respect to replacing damaged pipe. Was Owens to be the sole judge of the necessity of conducting such operations? Was he to be given carte blanche to determine the question of

---

1. Summers v. Ralston Purina Co., 260 Ala. 166, 69 So.2d 858.

work to be done? Obviously the short answer is "No" and it is spelled out in the written contract which the parties made in language that is clear and unmistakeable.

This contract, around which the present controversy is centered, provided for payment to Owens for items of work performed, at the unit prices bid, and under the conditions of the proposal except as modified by the contract. It further provided that no item of work is to be performed unless authorized by a representative of American Surety. Clearer language expressing the intention of the parties is hardly to be found. Certain it is that the contract reserved to American Surety control of the work. It therefore cannot be rightly said as appellant contends that the contract was an absolute and unconditional contract to complete the previous contract of Oliver & Simpson. The trial court was right in entering a judgment of dismissal for failure to state a claim upon which relief can be granted. The judgment appealed from is

Affirmed.